Good morning. The next case, the docket number is 19-20616. Ms. Bain? Good morning, your honors. May it please the court. I'm Joan Bain. I'm here representing the defendants' appellants in this case, which is Balke et al. versus Carmichael et al. This is a case that is purely centered on the issue of statutory construction, or I should say rule construction, for Bankruptcy Rule 8009. 8009 was enacted in 2014 to replace former Rule 8006, in part to resolve the dispute among the various courts about whether or not the bankruptcy court had any jurisdiction to determine what goes into the record on a bankruptcy appeal. And while Rule 8009 did resolve that dispute in the affirmative, I believe the language of the rule, especially when compared to the rule it was derived from, which is Federal Rule of Appellate Procedure 10e, limits that discretion. We respectfully suggest that the court should take into account the structurally consistent with Rule 10e in determining what can and can't be properly designated for inclusion in the record of the rule in a bankruptcy case. The comments specifically address the fact that because bankruptcy cases have a lot of interrelated proceedings, the mandatory nature of Rule 10a that would be an unworkable solution. Therefore, they impose in Rule 8009a, which is a carry forward from its predecessor, the obligation of the parties to designate items for inclusion in the record on appeal. Rule 8009e, for the first time, allows an appellee or any party to move to strike items that are, quote, improperly designated. But improperly designated is not defined in the rule. So looking to the language of the rule and the comments which recognize that the bankruptcy case, if we interpreted this rule consistently with Rule 10a, would involve a number of documents that may not be relevant from related proceedings, I respectfully suggest that the designation requirement only makes sense if you interpret the rule that parties are free to designate from the main bankruptcy case if they're filed and of record and available for consideration for the court. And this is particularly true if the items filed in the underlying bankruptcy case are significantly related to the matter that is on appeal and if they contain findings or rulings of the judge that are related to the issues on appeal. And for that, I look to specifically Rule 8009a because if the court will notice that 8009a-4 is mandatory in terms of what the record must include. One of those, one of the things it must include is the items designated by the parties. Another thing it must include is any opinion, findings of fact and conclusions of law relating to the issues on appeal, including transcripts of all oral rulings. Now, note this does not say the opinion on appeal or the findings of fact on appeal. It says any findings of fact or opinions or conclusions of law relating to the issues on appeal. This case is a case in which the plaintiff's sole cause of action against, sole cause of action for damages against the defendants was arising out of the violation of the automatic stay. If anybody can designate and that has to be taken, period, end of story, why do we even have E? Because I would direct your honor to the cases under Rule 10e and a few of the cases that are cited here. 10e also allows a district court in a appeal from a district court to resolve disputes over quote what occurred in the bankruptcy and that identical language is used in 8009e-4. And in the district court, if this was an appeal from a district court, we wouldn't be here because all of these items were filed in the bankruptcy. And if you have somebody moving to strike an item designated from a district court case that was filed, the courts have almost unanimously held that if it's of record, it should be included in the record. So and I just for, um, don't you have the problem in bankruptcy cases where the practicality of it is, and I'm not saying necessarily in this case, but you can have this massive, I mean, I was briefly involved in the Asarco case, a massive case with tons of stuff going on. And then you have this adversary proceeding over here. And a lot of times, you know, trial lawyers come in to do the adversary proceeding, they're not involved in the rest of it. I mean, somebody in their firm might be, but they're not involved in it. And the adversary proceeding is the case. And then suddenly you want to run over and grab from these other 30,000 pages, some other document. Isn't that the problem that 8009E is trying to deal with the reality of these massive Asarco-esque bankruptcies, where you've got an adversary proceeding that's kind of its own world and its own trial? I believe 8009E is trying to resolve the differences over what occurred in the case. And I think that the rule 8009A4A, which imposes the requirement on parties to designate items in the record, is what's trying to resolve the massive record issue, because that requires the parties to designate relevant items. And if you look at the case law, the case law says that the record should include all items necessary to a complete understanding of the case. There's also the issue of, do we have to relitigate issues that the bankruptcy court has already resolved? We're here on a case that was brought as an adversary, yes, but it was brought as an adversary by the plaintiffs as an assignee of the debtor. They are taking from the debtor, and they are standing in the shoes of the debtor. And so that's one issue. The other issue is one of the issues on the main appeal, which we're not here on today, has to do with whether or not the plaintiffs are stopped from contradicting the positions taken by the debtor and contradicting the positions they themselves have taken in the underlying bankruptcy. But it seems to me, and again, I realize your case may be a little bit different. I know that your opponents were involved in some of the other parts of the bankruptcy proceeding. But you're asking us to construe a rule across the board. And I'm envisioning an adversary proceeding where, you know, you've got A versus B, and you're doing your thing and whatever, and something else is happening somewhere else in the bankruptcy world in that big, massive bankruptcy case. And now they want to bring that in. And you didn't have a chance to address it as the, you know, trial lawyer and so forth. And it seems in this case, you could have easily brought in the materials from the rest of the bankruptcy, and presented that to the bankruptcy court in the adversary proceeding. And then that would have allowed the court to address whether or not to consider that. Why wouldn't you do that? Well, I didn't try the underlying case. And I'm, I believe from my reading of the these items are being offered for a purpose that they wouldn't have been introduced at trial. For example, the transcripts. You can't just offer a whole transcript into evidence unless it's offered for specific purposes or meets one of the exceptions. Mr Springer, whose testimony we're trying to get in here from other transcripts. We're trying to get in for allowable purposes under the Indian palms case to show that parties took specific positions to show that certain things were filed to show that certain findings were made in the underlying court. That would not have been something that would have been offered into evidence in the factual portion of this trial. But it would be something the bankruptcy court needs to because, to be fair, we have excellent bankruptcy judges throughout the Fifth Circuit, but they can't memorize every aspect of these massive cases. And so if you are wanting to remind the judge of something that happened in some other aspect of the bankruptcy, you need to do it in the adversary proceeding. Look, they are now taking the position of X and over here in front of you judged two months ago, they took the position of not X. That's exactly the kind of thing you would raise in an adversary proceeding, right? Well, it was raised in this proceeding, and I think the best evidence that it was raised in this proceeding is the court's findings of fact and conclusions of law reference specifically, for example, the meeting of the creditors and the other transcripts that are at issue here and the estoppel argument. The court was clearly aware of the findings in the underlying bankruptcy, and in his findings of fact and conclusions of law, he specifically addressed the issue of whether or not these plaintiffs should be a stop from relitigating the value of the bankruptcy estate property. So it was before the court. There were numerous briefs filed in the underlying bankruptcy, but it's just not something that you would offer as a piece of evidence in the trial. The appellees want this court to adopt a version of the rule that states that if you don't offer something into evidence, it can't be in the record. There's simply no authority for that. They're all of the cases that they rely on say that if it either needs to be available for offered into evidence, not and offered into evidence. I mean, a rule that says if it's not offered into evidence, it can't be in the record basically would exclude everything that's not an exhibit. And that is why is it their record of how it was made known to the judge in the adversary proceeding? Well, I think part of the problem is that this is a bifurcated appeal from the main appeal. And what happened procedurally in this case is we went up on appeal and the record was actually transmitted to the district court. After the record was transmitted to the district court, the appellees moved for the first time, sought a hearing on their motion to strike items in the record. The district court ruled based upon her understanding of Rule 809 that she could not make that determination. She so she stayed the appeal and sent it back to the bankruptcy court to make a decision on the motions to strike. So we wasted months trying to deal with the motion to strike. Then, after the bankruptcy court ruled, the two appeals were joined as one and then it was bifurcated again. So the record from the main appeal was already on file when Judge Rosenthal bifurcated this appeal into a separate proceeding. So the transcripts from the trial are in the record in the first appeal, but they are not in the record in this appeal. We had appellants had moved to include them in this record and asked Judge Rosenthal. It's actually one of the issues in this appeal to consider that record because the bifurcation occurred after the but is there a record wherever it's wherever it is that would show us that during the adversary proceeding, y'all said, Judge, look at X over here in the main bankruptcy bucket, and that will show you that they're taking in contrary position. He was. Is that ever said in the adversary proceeding? I think the that they shouldn't be allowed to testify. Contrary to the values that were offered in the underlying bankruptcy and the exhibits in the adversary actually include the schedules and the, um, the orders and the, um, expert reports about the value of this property. Um, those are in this record to, um, as part of the defendants exhibits, which were brought up in this record, and they basically have the contrary value for the property. And so that was argued repeatedly during the trial of this case, and then in its findings, the court addressed that. So that is basically an issue of law on appeal in the main appeal of the of the judgment, because the issue is whether or not they should have been allowed to contradict the findings in the underlying bankruptcy against the debtor from which, um, they were they received their assignment. So that is very much an issue in the underlying bankruptcy, and there are exhibits that say that this particular. Why do you need these proceedings? If you've got what you need in the excerpt, see, well, the statement of issues on appeal is vast, and I know that the court's aware that we filed a motion to alter, amend or vacate the judgment under Rule 59 and tried to bring forward the the relevant background information that would give scope to the court's manifest errors of fact and law, and we believe the court made a manifest error of fact. So that relates to the value of the property. Also, one of the it seems to me that if the bankruptcy court in the adversary proceeding never saw the material, why should that be included in the record on appeal? The bankruptcy court did see the material. The bankruptcy court referenced the its findings of fact and conclusions of law. So the bankruptcy court did consider the material. There's extensive testimony about these transcripts. As far as the patent exhibits, those are a little bit different. Those are really more part of the judicial notice argument. And just so the court is aware, there are much of what is in the excluded patent exhibits is in related exhibits that were before the court. There was some duplication between the but there were just certain pages and certain portions that were not duplicate. And I don't know whether it was a mistake or I don't know whether it was just an oversight, but the differences were not noted in the transcripts of the trial proceedings and the plaintiff's exhibits got admitted, but the defendant's exhibits didn't. And then coming back on the motion for a new trial, we asked the records of the patent office, which mostly give dates that are not included in the plaintiff's exhibits. So that's, that's separate from the transcripts, the transcripts themselves. If you read the court's findings of fact, repeatedly reference the main case. And the bankruptcy judge said it wasn't considered. So I mean, why wouldn't we Well, that's precisely why we're here, because we're here to define the standard that the litigants have to deal with. And there really isn't an actually considered requirement. If you compare the three cases, even the ones that are referenced by this bankruptcy judge in, in its Durati case, none of them have an actually considered requirement that the test is mostly available for consideration. That's the way to interpret this rule consistently with how the rule is interpreted with federal rule of appellate procedure 10. And if you look at, for example, the NRA Indian palms case, the NRA blasting game case, and the, there's several other that are Neshimany office building associates. There are several other cases where the courts reject the, the proposition that it has to be actually considered by the court. They take the position that it has to be available for consideration by the court. And if it's in the record, it's available for consideration. Okay, so tell me if it's since part of this case, and in my view, the reason you got oral argument here is how do we construe this rule in general? Not only obviously, that change your video froze, you may want to start your question over. Okay, I'm sorry. Can you hear me? I can hear you. Okay. So the question is, we are not just looking at this case, although justice in a particular case is important. The question that we're also looking at is, how do we construe 8009 E. So tell me your construction, what can the bankruptcy court eliminate? Is there anything in the overall huge bankruptcy that is put in the adversary proceeding pile that the bankruptcy judge can remove from that pile? Well, first off, I would say absolutely. The bankruptcy judge has the ability to remove any item that was not available for consideration. And a perfect example of that would be items. For example, if you have a motion for summary judgment and somebody comes in after the motion for summary judgment and wants to add to the record items that were not filed with the court before the judgment was everything was on file in the bankruptcy court. Or another example would be and and I won't tell you that some courts haven't allowed it because they have. But sometimes people try to file things from outside the bankruptcy court that would coming, for example, from state court proceedings or things of that nature. And there's cases going both ways on that. Um, but I think that the resolution is very well addressed in the blasting. I mean, in the Indian palms case, if it's something that's susceptible of judicial notice, I think it can be added to the record because I think this court and any appellate court, the district court sitting as an appellate court has the ability to take judicial notice. But if it's not, and it's from outside the record, if it's not filed with the bankruptcy court, then that judge can't click on a on his screen on the docket sheet and pull up that document at his discretion. And the other thing I would point out to the courts that on these transcripts and again, if you look at the findings of fact, there are multiple references to the transcripts that are based on the audio tapes, because in the bankruptcy court, there's not a court reporter sitting in the court. All of the hearings air audio recorded, but they are available for the court to listen to. And if you notice in the findings of fact, there's numerous references to the audio tape date and the time and you know, the minute and second reference. So the fact that it's not transcribed does not mean it's not available for consideration. Most in this case, all of the transcripts have now been transcribed at the time that the court made its ruling. They hadn't. Okay, it's a practical matter. Why would an appellate court consider anything that the lower court did not actually consider whether you can include it in the record or not? As a practical, you know, I would not, I'm not going to reverse a judge when you bring in new matters on appeal that the judge did not have an opportunity to consider, even if it was available, if it was not pointed out to the judge made part of the proceedings in the sense that it was argued to the judge, look at this as a practical matter, what difference does it make if appellate courts aren't going to consider it? Well, I think that that it depends on the reason that it's being offered for consideration. And again, in this case, that's not the situation that we have. But the items that we are trying to include in the record are items that the court considered. Now, the fact that the court said I didn't consider it doesn't mean that they weren't considered. I mean, if you look at the findings of fact, they're referenced in the findings of fact and in the rationale for the findings of fact. So if we look at the record, and that's the case, then we'll just say the district court bankruptcy judge was mistaken. But it seems to me that from a harm on appeal standpoint, it has to actually be considered by the bankruptcy judge, or it's not going to matter anyway. Well, again, I respectfully disagree, because I think that if you look at the best, and it's basically the court, and I think I'll just read exactly what they said it will read it. We didn't see we can read. Pam, how long have we been going past the clock? Eight minutes. Eight minutes. Okay, add eight minutes to the other side. Sure. Ms. Emmett. Good morning, and may it please the court. My name is Karen Emmett, and I'm here today speaking on behalf of the appellees who have been designated in our brief as the creditors. And the appellant has been designated as bulky in our brief as well. And I will be referring to the parties as such. I want to begin by addressing a point that is central to bulky's argument in his brief, as well as to the comments that he made to your honors this morning. Bucky makes several representations in the opening brief and the reply brief that all of the stricken items were of record and available for the court. Bucky represents that all of the stricken items were a record in either the underlining bankruptcy case or in the adversary trial. That is not a correct representation as to the creditors meeting transcript and the 13 patent exhibits. The creditors meeting transcript was transcribed in February of 2019. Judge Jeff Boehm, who presided over this adversary proceeding, made his findings and decision in September of 2017. Clearly, the creditors meeting transcript was not available or of record to him at the time he made his findings. As to the patent exhibits, those patent exhibits were not admitted into evidence during the trial. They are not filed in the underlining bankruptcy case, nor are they filed a record in the adversary trial because they were not admitted into evidence. Judge Boehm, when he made his findings in September of 2017, did not have the patent exhibits available and they were not of record for him to even refer to. Bucky would fail his own test as to the creditors meeting transcript and the 13 patent exhibits because they were not of record and they were not available. The creditors... Were audio tapes available? Of the creditors meeting transcripts? I do not believe so. I believe the procedure was that you have to actually ask for the audio to be made by the Office of the U.S. Trustee, and to my knowledge that had not been done. And how did they get the transcript? Well, I believe Ms. Bain in Well, but it had to have existed to be produced. That is correct, and I misunderstood the question. It's out there somewhere, you're just saying it may not have been readily available to the judge. That is correct, and I apologize for misunderstanding the question. Yes, at every creditors meeting it is transcribed and an audio is available for transcription. Okay, Bucky makes a point in the brief that I really wondered about, because you have this, you offer an exhibit and the judge rejects it. That's something you may want to appeal. It may have been a critical exhibit, and in my experience you make it a proper exhibit, a bill of review exhibit, some other terminology, whatever you want to call it, and it then goes in a separate pile, but it's in the record available for appeal as something the judge declined. So that on appeal I can say the judge declined plaintiff's exhibit A. Was this doc, these documents not handled that way, or were they proffered that way and they didn't try to proffer them in some sort of proffer or bill of review pile? Are you speaking about the creditors meeting transcript? No, no, obviously not. I'm talking about the patents. I'm sorry? I'm just talking in general, but I'm specifically about the patent exhibits, but just in general am I, my experience is that judges let you put, and in my experience as an appellate judge is that we get the documents that were declined when the person proffers that as something to put in the record as an exhibit that they are objecting to its failure to admit. If I understand the question correctly, the stricken items were not proffered into evidence during the trial. They were not even offered into evidence. So this is not an occasion where Judge Bohm declined to admit them into evidence. They were never offered. But they make this argument about that's what I understood to be the case. But they make this argument of how do you appeal a an exhibit that wasn't admitted that you offered and wasn't admitted. And I'm just saying that that Judge Bowman any than any other judge on that, right? You can create that record. If you offer exhibit one and he declines it, you can create a record of that. You're not objecting to that coming up to the appellate court to consider whether the judge properly refused the exhibit. That is correct, Your Honor. The issue is, was it ever offered? Were any of the stricken items ever offered into evidence in the first place? And the answer is no, not at the trial level. All right, so you're absolutely certain if we go back and look at the findings of fact and conclusions of law, there were not gonna be any references at all to any of the stricken items. And I'm going to get to that in my argument, Your Honor. And the point to that is that there are general references in findings of fact conclusions of law, and I do have those handy that and it would be on page. It's 29 finding number 15 and 30 finding number 20. And the finding number 15 does reference that on February 4th, 2014, and that's relating to the transcript of February 2014. This court held a confirmation of the debtors proposed second amended plan of reorganization, and at the end of this hearing, the court issued an oral ruling denying confirmation. So there is a reference to answer your honor's question to the February 2014 transcript. But the judge at the hearing on the motion to strike the designation of the record focused on. Am I referencing the content of any of the transcripts? It was a procedural reference in terms of background. And as to the creditors meeting that took place, that would be finding number 20 at page 30 in the record that after the debtors chapter 11 case was converted to a chapter seven case, the meeting of creditors was held on April 3rd, 2014, and then continued to May 1st, 2014. And again, those are generic general references to establish a procedural timeline. And the judge said as to the transcript of the creditors meeting where in the record Miss Bain, do I reference the content of the creditors meeting transcript? And Judge Baum was very adamant at that hearing that he was not referencing the content of the transcript. He was sure of what he had considered in reaching his findings. Well, in our general presumption is that judges are telling the truth. I mean, we don't assume that they are lying about what they considered. So I don't think that's going to be a standard we articulate here, at least not one I would judge. But what is the standard? So given how do you square 8009A4 with 8009E? Well, 8009E was established to give the bankruptcy court the decision as to whether or not the record accurately disclosed what occurred in his court. And it allows for many items to be introduced into evidence and it allows for the opposing party to state if an item has been improperly designated, which is what occurred here. 8009E allows the court to examine what's in the record, what did he consider and what occurred during the trial before him? What evidence was put into the record? Is this something that he considered? Is it something he did not consider? But what do you do with the mandatory language of A4 that says you must include, you know, what the parties designate? That, I believe, is absolutely separate from 8009E. It's saying what must be in the record. And we went through that during the hearing on the motion to strike what items needed to be in the record. And Judge Bohm recognized that and so it's a list of what must be included in the record. It says the record on appeal must include the following. Items designated by the parties. And Balki is saying these are items we designated, so they must be included. How do we square that with 8009E that allows the bankruptcy court to to strike an item? How do we square those two? Because 8009E allows the bankruptcy court to determine what occurred in the matter in front of him. The other section is a general section that allows any item to be designated. But 8009E puts forth limitations on what can be designated. Otherwise, why would we have 8009E is the question that I'm going to bring up in my oral argument as well. What is the purpose of it? When would it be enforced if we could just produce any document? Well, that's my question. Again, while justice in the particular case is critical, we are also likely, or we don't, maybe we won't, but likely to address what do these question here. And so I'm trying to square the mandatory sound of 8009A4 with the striking portion of 8009E1. So I'm asking you to do that. What would be your view of it? I've asked Ms. Bain her view. I'm asking your view. Well, my view is that 8009E does place limitations, and that would be what was in front of the bankruptcy court. The other section is broad and has no limitations. It has limitations that the party must designate items, which happened here. But we also have the right under 8009E to file an objection to an item that we feel was improperly designated. I mean, that's the only way I can explain it, that we have the ability to object to that which they are proposing to be in the record designation. I'm wondering, I mean, nobody said this, but I'm wondering if 8009A4 is sort of a directive to the clerk's office. The clerk's office can't reject something and say, well, this wasn't in the proceeding. They get the bucket, and everybody puts the stuff in the bucket, and then the bucket can be taken over to the bankruptcy judge who can pull things out. Is that fair? Yes, Your Honor, and that is the purpose in my world of 8009E, that parties are able to object to items that are in the record designation. Should I continue? Yes. Okay. So in going back to my opening statement about what was in front of the court and what wasn't, we believe that the only remaining issues before this court today would be the transcript of July 2013 and the transcript of February 2014, which were both filed and of record in the underlying bankruptcy case. What I really want to talk about is what this appeal is really about, and the essence of this appeal is to what extent may evidence be added to the appellate record that was not included in the trial record and was not considered by the court in its findings. That's really what we're here about, and perhaps that goes back to answering some of your questions, which would be, we're talking about evidence that was not submitted into the record during the adversary trial. We're not talking about generic pleadings that had no bearing on the issues before the court. We're talking about actual evidence, and Balki had an obligation to present his case when this matter was in trial. This was a 24-day trial from November 2015 to January 2017. Balki was represented by counsel the entire time during the trial. He certainly, and both sides, had ample opportunity to put their case on, offer evidence, bring forth witnesses, and to make argument. The two transcripts, which have been referred to as the transcript from the July 2013 hearing and the transcript from the February 2014 hearing, were both available and could have been offered into evidence, as your honors pointed out in the oral argument by Balki and his counsel. They were available, but his counsel chose not to introduce them into evidence. The creditor's meeting transcript was not available, but an audio could have been obtained from that hearing, and a transcript could have been produced to the court at the time of the adversary trial. The patent exhibits were available, and as Judge Rosenthal pointed out, and as we point out in our brief, they remained in an exhibit book and were never offered into evidence. So Balki's counsel made a decision not to introduce any of this evidence, and now on appeal, Balki is adding these items to get a second bite at the apple, which is not the purpose of an appeal. An appeal does not and should not permit Balki to retry his case at the appellate level with evidence not offered during the trial. The question is, how can the transcripts and the patent exhibits be part of the appellate record when they were never part of the bankruptcy court trial record to begin with? And the Fifth Circuit has responded to this question in the case of CPDC at 337 Fed 3rd 436 2003. The court held that items cannot be added to the record on appeal to the district court if they were not before the bankruptcy court in the first place. If the patent exhibits and the transcripts are permitted to be designated in the appellate record, the creditors would not have had an opportunity to meet the evidence against them. They would not have had an the witness providing the testimony to rebut the testimony or the evidence. Bankruptcy Rule 8009 E, as we've discussed, allows the bankruptcy court to determine whether the record accurately discloses what occurred in his court. It does not relieve the parties of their duty to establish evidence and to offer evidence during the trial. Balkhi relies on the rule to expand the record by designating new evidence not offered at trial. And again, this was a 24-day trial. Council made the decision not to offer any of these items into the record. So at this point, Balkhi is backdooring the evidence and trying to get in to the appellate court what he did not get into the trial court at the bankruptcy court level. The time for Balkhi to establish those facts that are necessary for his case was at the time of the bankruptcy trial, not for the first time on appeal. Balkhi argues that the stricken transcripts and patent exhibits will give the court a full understanding of the case and show how the findings were wrong. But facts relating to the merits of any case must be decided on the basis of the evidence produced at the time of trial, not new evidence designated in the record for the sole purpose of refuting the judge's findings when that should have been done during the trial. Balkhi urges that all items of record can be designated for an appeal regardless of where they are filed, if they're filed in the main case or not, regardless if it contains evidence not offered at trial, and regardless if considered by Judge Bohm in making his findings. So Balkhi is asking the court that anything in the universe of the main bankruptcy case can be offered and designated on the record for the record on appeal. If that position is accepted, and I went over this earlier in response to one of the questions, what purpose would Let me ask you this, maybe this could short circuit it, do we even have to decide what that rule means in all cases if we if we say like every appellate court in the country, appeals courts are not going to consider matters that were not presented to the deciding judge. I believe that it doesn't matter what you designate, we're not going to consider it. So we don't do we ever even have to get to what the for all time end of all time meaning of this rule is? I don't think so because that's exactly what I said at the end of the discussion then. It should be in my position yes because it's evidence and it wasn't produced during the trial and it cannot be considered. The Fifth Circuit has ruled on that very issue that if it wasn't before the bankruptcy court in the first place it then cannot become part of the record in front of the appellate court and that is the essence of this case. It's the heart and soul of it. So if anything in the universe can be designated then bankruptcy rule 8009e would absolutely have no meaning and it doesn't even need to be existing because everything can be designated and what item then as you asked I believe Ms. Bain, when could an item be improperly designated if everything gets to be included in the record on appeal? Judge Rosenthal ultimately decided that in order for Balfi to prevail he must be able to show that Judge in front of Judge Boehm on a motion to strike the items designated by Balfi and at that hearing Judge Boehm applied his factual inquiry that he had from his former case which was the In Re Digerati Technologies Inc and that's a question answer period that he had with Balfi's counsel. He first asked were any of these items and when I say these items I'm referring to the transcripts and the patent exhibits were any of these items admitted into evidence and Balfi's counsel agreed that they were not admitted into evidence. He next asked the question did I consider any of these items that being the transcripts and the patent exhibits in my findings of fact in my findings and I believe I've answered that question earlier when one of your honors asked me where in the findings are the transcript, where in the findings is the creditors meeting referenced and where in the findings is the February 2014 transcript referenced and it was agreed at the hearing that the transcript from July 2013 was not referenced at all so I don't even believe that that would be under consideration right now and the judge asked and the response was given where it was referenced as I read into this record today and the and Judge Boehm determined that those were just general references he was not citing to the contents of the transcripts so he overruled and struck the transcripts for that reason. The Judge Boehm then went on to ask have you offered an explanation have you provided testimony through a witness why the items were not offered into evidence and there was no witness provided by Balfi's counsel to testify as to why during the trial the transcripts and the patent exhibits were not offered into evidence. The final question that he asked was what is the prejudice to you if I exclude the items and the response to that would be the obvious that it would hinder the case that they were presenting to the district court but Judge Boehm felt that there was more prejudice to the creditors if the transcripts the patent exhibits would be designated in the record because the creditors would not have had the opportunity to meet the evidence against them. So both Judge Boehm and Judge Rosenthal agreed that the findings did not refer refer to the contents of the transcripts or any of the patent exhibits they were only general references. The doctrine of judicial notice which is brought up by Balki is of no available is of no available to him either. Federal rule of evidence 201 says that only adjudicated facts can be judicially noticed. The transcripts and the patent exhibits only contain disputed facts. Balki urged that Judge Rosenthal take judicial notice of the filed in the underlining bankruptcy case that were not admitted into evidence at trial but this does not meet one of the requirements of another case of this court which is a case that was that is not published but it's SI Restructuring Inc or a fed appx 326 5th circuit 2012 where it stated that a court cannot be required to take judicial judicial notice of the contents of evidence not introduced in the bankruptcy court. Under any analysis the stricken items would not be able to be included in the record. They were not part of the bankruptcy court record. The 5th circuit has told us that they must be a part of the record before they can be made a part of the record. He did not consider the content of any of the transcripts or of the patent exhibits. I think we've got your argument at this point. I'm searing things over and over if you have anything new to add. I think we've heard everything that you have to say. Okay. Then I will yield my time. Thank you. Ms. Bain. Your honors. First of all I want to point out to the court that both the questions coming from the court and the argument coming from my opposing counsel are based upon an assumption that the only thing on appeal was the final judgment and the trial. And if you look at the designation of issues on appeal that there are I believe 13 orders and a dismissal of a motion for trial under rule 59 that are on appeal. So to take the position that what was offered at trial is all that can come into the record when there are all these other orders that are on appeal is not really realistic in this case. There are reasons things were designated that are separate and apart from the final judgment. And it's easy for me and everyone else to go into the sort of linear vision that why wasn't it offered into evidence. But as we tried to point out in our brief, several of these items are offered for something separate such as the February 13th which in which plaintiff's counsel on the record argued to the court the exact opposite of what they argued in trial. But judicial estoppel is something you have to raise in the trial court. It's not. It was raised in the trial court and it is one of the issues that is on appeal in the main appeal. Well if it's on the record we'll consider it and if it's not we won't regardless of what the rule says. Well I think that the issue is is that what is the bankruptcy court record. Is it just the adversary record or is it the entire bankruptcy case? And again I would submit to your honors that if you look at the number of times both the bankruptcy court and the district court refer to the main case no one treats the bankruptcy court record as totally separate and apart from the adversary record. Throughout both of their both the opinion and the findings of act and conclusions of law there are references to the main case. Otherwise you're suggesting that you would have to take and make an exhibit of every document that's filed in the main case and that's just not how the parties do it. I also would like to point out to the court that Ms. Emmett is misrepresenting to the court regarding the hearing transcripts on the meeting of the creditors. If you look at the plaintiff's amended complaint they had a transcript of the meeting of the creditors. I could not find it so I did reorder it but the amended complaint itself references and quotes from that transcript and the record reference for that is uh record 2360 23 basically 2359 through 2365 is all part of their amended complaint and there are numerous portions of their complaint where they're quoting from transcripts in the underlying bankruptcy. There could be no question that that's one of the central issues on appeal and that these matters are something that's necessary for the court to have a full understanding of the case. Also your honors asked about where the court referenced them in its findings of fact and I would point out to the court that although in his procedural counsel's correct in his procedural um recitation of what took place in the bankruptcy court he did reference these transcripts but he also on page 1675 and 17 I think it starts at I'm sorry 2189 he talks about the disclosure statements that were introduced at trial and the positions that that the debtors um took in the main bankruptcy and and discusses the entire estoppel argument. So estoppel was brought to the attention of the trial court. It was an issue on appeal. He does discuss the testimony of Mr. Stringer at the creditor's hearing so he does discuss the testimony of Mr. Stringer. So those were all very much part of this underlying adversary proceeding and having access to those is necessary to the court's complete understanding. Your time has expired. We have your argument. Thank you counsel. Thank you. Your case is under submission.